LINTON GINTHER, Plaintiff, v. THE CITY OF NEW YORK and THE DOMESTIC RELATIONS COURT OF THE CITY OF NEW YORK, Defendants.— On submission of agreed facts, judgment unanimously directed for defendants, without costs. On September 2, 1919, the City Magistrate's Court, Family Division, on consent of plaintiff and his wife, ordered that plaintiff pay to his wife eight dollars a week for her support and that of a minor child. Payments have been made by plaintiff since that time to the support bureau of the City Magistrate's Court, and, since its organization, to the Domestic Relations Court. The wife collected the moneys until October 25, 1933, when, for reasons undisclosed, she failed to collect the sums left on deposit, as stated. Since that time the amount of $512 has been deposited in weekly installments by the husband, and has accumulated up to March 26, 1935. On May 13, 1935, the Domestic Relations Court ordered a suspension of the enforcement of the order of support. The court directed an investigation to ascertain the whereabouts of the wife. It was conceded that the investigation was conducted with due diligence, and it has been impossible to ascertain the whereabouts of the wife and child. On December 26, 1935, plaintiff applied for a refund of the said sum of $512, pursuant to the provisions of section 29-a of the Domestic Relations Court Act. Under that section, in view of the facts, the presiding justice had the power to deposit with the chamberlain whatever sums had been unclaimed for two years or more at the time of the application for payment to the husband. The amount so unclaimed was forty dollars. After deposit, there could be a direction for payment to plaintiff. However, as to this sum of forty dollars, an order might be made for direct payment out of the funds on deposit in court. It would be an idle and useless ceremony to deposit with the chamberlain first. That, however, is a matter within the discretion of the presiding justice. As to the balance, the presiding justice could make an investigation as to each weekly payment after the two-year period had past, deposit it with the chamberlain, and then direct payment to plaintiff upon a new application. This, however, would be impracticable. It might be more convenient to await the passing of two years from the time of the payment of the last installment, then investigate, and if the investigation fail to disclose the whereabouts of the wife and child, deposit the fund with the chamberlain, to be paid to the husband upon his application. Under

the circumstances, there must be judgment for defendants that plaintiff is not entitled to the fund at this time, without prejudice, and without costs.   Present — Lazansky, P. J., Carswell, Johnston and Adel, JJ.   Hagarty, J., concurs in result on the ground that plaintiff's remedy, if any, is governed exclusively by section 29-a of the Domestic Relations Court Act.